## STATE *vs.* WALTER TAYLOR.

LARCENY—INTEREST OF LANDLORD IN CROP SUFFICIENT OWNERSHIP.
Owner of a farm, on which corn stolen was raised by a tenant on shares, had such ownership in the corn, although undivided, as would support an indictment for larceny of the corn.

(*November 7*, 1919.)

RICE, J., sitting.
*P. Warren Green*, Deputy Attorney-General, for State.
*L. Irving Handy* for accused.

Court of General Sessions for New Castle County, November Term, 1919.

INDICTMENT No. 31, November Term, 1919.
Walter Taylor was indicted for larceny. The jury disagreed.
Property in the indictment was laid in "William Truxton Boyce and others." Evidence was introduced by the state to show that B. and his brother were owners of a farm in the tenure of R. and his brother as tenants on shares; that R. and his brother had husked their corn, leaving it in the field overnight, when it was stolen by the accused. It was not shown that the corn had been divided between the owners of the farm and their tenants at the time it was stolen.

When the state rested, Mr. Handy, counsel for defendant, moved for binding instructions to the jury to find the defendant not guilty, on the ground that it had not been shown that the property stolen belonged to the persons as laid in the indictment; that Boyce and his brother had no property in the corn until it was divided, which had not been done at the time of the theft—citing *Ellison v. Dolbey & Stanert, 3 Pennewill* 55, 49 *Atl.* 178.

*Mr. Green:*—Rev. Code 1915, § 4830, provides that ownership may be held in property belonging to more than one person, whether such persons be partners in trade, joint tenants, or tenants in common, and it shall be sufficient to name one person only, and the property may be described as belonging to the person so named and others—citing also *Wharton on Criminal Procedure, vol.* 2, § 869; *State v. Frame,* 4 *Har.* 569.

RICE, J.:—The corn alleged to have been stolen is in the indictment alleged to be the "property of William Truxton Boyce and others" and I am of the opinion that Boyce had such a property in this corn as will support this indictment on the charge of larceny of the property. I think there is a joint property in the corn under the testimony in this case.

The motion is, therefore, overruled.

The accused claimed that he bought the corn from a man whom he knew slightly and that he did not know that it had been stolen.

RICE, J., charged the jury in part:

In this indictment, Walter Taylor is charged with the larceny of thirty-five baskets of corn of the value of seventy-five cents a basket in White Clay Creek hundred, this county, on the thirtieth day of October in the present year, the property alleged in the indictment to have been the property of William Truxton Boyce and others. * * *

Evidence has been introduced to show that William Truxton Boyce and his brother were the owners of the farm on which the corn alleged to have been stolen was raised by the Royston Brothers on shares. Proof of these facts by the State would constitute an ownership in William Truxton Boyce and others in the corn, alleged to have been stolen, sufficient to support an indictment for larceny of the corn.

(The court gave the usual charge on the definition of larceny; reasonable doubt; conflicting testimony; circumstantial evidence; property recently stolen found in one's possession.)

The jury disagreed.